

FILED & ENTERED

JUN 19 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY milano     DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| **In re** | Case No. 2:15-bk-11049-RK |
| **MAYRA ELIZABETH MONTELLANO and JORGE FRANCISCO VAZQUEZ,** | Chapter 7 |
| **Debtors**. | **ORDER DENYING WITHOUT PREJUDICE DEBTOR MAYRA MONTELLANO'S MOTION TO RECOVER WAGES GARNISHED PREPETITION** |

Date:     June 23, 2015
Time:     2:30 p.m.
Place:    Courtroom 1675
          255 East Temple Street
          Los Angeles, CA 90012

Pending before the court is debtor Mayra Montellano's Motion Pursuant to 11 U.S.C. § 522(h) to Recover Wages Garnished Prepetition ("Motion").  ECF 31.  Having considered the moving papers, the court determines that oral argument and hearing are not necessary to rule on the motion, dispenses with oral argument and hearing, takes the motion under submission, vacates the hearing on the Motion set for June 23, 2015 at 2:30 p.m. and rules as follows.

Through the Motion, debtor Mayra Montellano ("debtor") seeks to avoid and recover a prepetition involuntary transfer of her wages garnished prepetition through the bankruptcy trustee's avoidance powers under 11 U.S.C. § 547(b), granted to the debtor

pursuant to 11 U.S.C. § 522(h).  Under Federal Rule of Bankruptcy Procedure 7001(1), this would be "a proceeding to recover money or property" which is required to be brought in an adversary proceeding.  *See* 10 Resnick and Sommer, *Collier on Bankruptcy*, ¶ 7001.02 at 7001-4 – 7001-8 (16th ed. 2015) ("Proceedings within Rule 7001(1) include actions by trustees or debtors . . . to recover property that was the subject of avoided preferences under section 547 [of the Bankruptcy Code, 11 U.S.C.] . . . .").

Thus, it appears that debtor impermissibly seeks relief by motion when that relief requires an adversary proceeding under Rule 7001, as shown by the controlling case law in this circuit.  *In re Commerical Western Finance Corp.,* 761 F.2d 1329, 1336-1338 (9th Cir. 1985); *accord, In re Golden Plan of California, Inc.,* 829 F.2d 705, 711-712 (9th Cir. 1987); *see also,* 4 March, Ahart and Shapiro, *California Practice Guide: Bankruptcy,* ¶ 21:1530 at 21-173 (2014) ("In exercising the trustee's avoidance powers, the debtor must file an adversary proceeding. . . ."), *citing,* Fed. R. Bankr. P. 7001(1).  To the extent that debtor seeks to proceed by motion by way of the court's equitable powers under 11 U.S.C. §105, the court observes that it cannot disregard the express command of Federal Rule of Bankruptcy Procedure 7001 in light of the well-established and controlling case law of the circuit in *Commercial Western Finance Corp.* and *Golden Plan of California*. *See also, Law v. Siegel*, 134 S.Ct. 1188, 1194 (2014) (the bankruptcy court lacks authority to grant relief under 11 U.S.C. §105 when the Bankruptcy Code specifically provides otherwise); *see also,* 10 Resnick and Sommer, *Collier on Bankruptcy*, ¶ 7001.01 at 7001-4 ("Failure to commence an adversary proceeding when seeking the relief of the kind listed in Rule 7001 has resulted in denial of the motion or dismissal of the proceeding.") (footnote and citations omitted).  Although the court must deny the motion as procedurally defective in light of these authorities, such denial is without prejudice, and debtor may properly seek relief by instituting an adversary proceeding pursuant to Rule 7001.

1    For the reasons stated above, IT IS HEREBY ORDERED that:

2    1)  The MOTION is DENIED without prejudice.

3    2)  The hearing on the Motion, currently set for June 23, 2015 at 2:30 p.m., is

4        vacated and taken off calendar.  No appearances are required.

5    IT IS SO ORDERED

6                                        ###

Date: June 19, 2015

_____

Robert Kwan
United States Bankruptcy Judge